**INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, INC., a nonprofit corporation; Gray Panthers of Sacramento, a nonprofit corporation; Gray Panthers of San Francisco, a nonprofit corporation; Gerald Shapiro, Pharm. D. doing business as Uptown Pharmacy and Gift Shoppe; Sharon Steen doing business as Central Pharmacy; Mark Beckwith; Margaret Dowling; Tran Pharmacy, Inc., doing business as Tran Pharmacy; Jason Young, Petitioners–Appellants,**

v.

**Sandra SHEWRY, Director of the Department of Health Care Services, State of California, Respondent–Appellee.**

No. 08–56061.

United States Court of Appeals, Ninth Circuit.

July 11, 2008.

Lynn S. Carman, Esquire, Medicaid Defense Fund, Novato, CA, Stanley L. Friedman, Esquire, Los Angeles, CA, for Petitioners–Appellants.

Jennifer M. Kim, Supervisory, AGCA–Office of the California Attorney General, Phillip J. Matsumoto, Richard D. Wardow, Esquire, Office of the Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: REINHARDT, BERZON, and M. SMITH, Circuit Judges.

### ORDER

Under well-established law of the Supreme Court, this court, and our sister circuits, a plaintiff may bring suit under the Supremacy Clause to enjoin implementation of a state law allegedly preempted by federal statute, regardless of whether the federal statute at issue confers an express "right" or cause of action on the

plaintiff. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Bud Antle, Inc. v. Barbosa,* 45 F.3d 1261, 1269 (9th Cir.1994) ("Even in the absence of an explicit statutory provision establishing a cause of action, a private party may ordinarily seek declaratory and injunctive relief against state action on the basis of federal preemption."); *see also Lankford v. Sherman,* 451 F.3d 496, 509–10 (8th Cir.2006); *Planned Parenthood of Houston & Se. Tex. v. Sanchez,* 403 F.3d 324, 331–35 (5th Cir.2005); *Local Union No. 12004, United Steelworkers of Am. v. Massachusetts,* 377 F.3d 64, 75 (1st Cir.2004); *Pharm. Research & Mfrs. of Am. v. Thompson,* 362 F.3d 817, 819 n. 3 (D.C.Cir.2004); *Pharm. Research & Mfrs. of Am. v. Concannon,* 249 F.3d 66, 73 (1st Cir.2001), *aff'd sub nom. Pharm. Research & Mfrs. of Am. v. Walsh,* 538 U.S. 644, 123 S.Ct. 1855, 155 L.Ed.2d 889 (2003); *Ill. Ass'n of Mortgage Brokers v. Office of Banks & Real Estate,* 308 F.3d 762, 765 (7th Cir.2002); *St. Thomas–St. John Hotel & Tourism Ass'n v. Virgin Islands,* 218 F.3d 232, 241 (3d Cir.2000); *Village of Westfield v. Welch's,* 170 F.3d 116, 124 n. 4 (2d Cir.1999); *Burgio & Campofelice, Inc. v. N.Y. Dep't of Labor,* 107 F.3d 1000, 1005–07 (2d Cir. 1997).

■ The district court nonetheless concluded that appellants' probability of success on the merits was "low, if not wholly lacking," because they may not seek injunctive relief under the Supremacy Clause in the absence of "some individual federal right that arises under [the Medicaid Act]." As the cases above make clear, this holding was legal error. Because the district court's denial of a preliminary injunction was based solely on that error, we vacate its order and remand for a decision on appellants' motion consistent with this order.[1] The district court should expedite

its consideration of the merits of appellants' motion, to the degree possible, in light of the fact that under the challenged statute the first of the reduced payments to Medi–Cal providers is scheduled to be issued within weeks.

■ In addition, appellants have requested interim relief from this court enjoining implementation of A.B. 5 while any further proceedings on the motion for a preliminary injunction are pending. Injunctive relief is warranted when the party requesting such relief demonstrates some combination of probable success on the merits and the possibility of irreparable harm. These two factors are not independent tests, but rather "opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Rodeo Collection, Ltd. v. West Seventh,* 812 F.2d 1215, 1217 (9th Cir.1987) (internal quotation marks and citation omitted). When the balance of harm "tips decidedly toward the plaintiff," injunctive relief may be granted if the plaintiff raises questions "serious enough to require litigation." *Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers,* 584 F.2d 308, 315 (9th Cir.1978); *see also Golden Gate Rest. Ass'n v. City & County of San Francisco,* 512 F.3d 1112, 1115–16 (9th Cir.2008) (order).

■ The district court noted that it was "acutely cognizant of the potential adverse consequences of the ten percent rate reduction," and so are we. Appellants have demonstrated a high likelihood that the State's ten percent reduction in payments to Medi–Cal providers will cause serious irreparable injury to Medi–Cal beneficiaries while this case is pending, at least with regard to access to prescription drugs. Appellants presented evidence

---

1. The panel will issue an opinion, in due course, further explaining this holding.

that the ten percent cut would reduce payments to pharmacies to less than what it costs them to obtain and dispense 44% of the generic prescriptions they currently dispense to their patients, causing pharmacies to cease selling such drugs to Medi–Cal patients and depriving "thousands, if not millions" of Medi–Cal beneficiaries of much-needed pharmaceuticals. The State has not asserted any countervailing interest of this magnitude.

■ Appellants have also raised at least a question "serious enough to require litigation" of their claim that A.B. 5 is preempted by the federal Medicaid Act. The Act requires, *inter alia,* that a state Medicaid plan provide "such methods and procedures" for payment as are necessary "to assure that payments . . . are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area." 42 U.S.C. § 1396a(a)(30)(A). As noted above, the record provides some support for the conclusion that the ten percent reduction will force some pharmacies to stop dispensing pharmaceuticals to Medi–Cal patients, pharmaceuticals that are widely available to the "general population." [2]

In light of this showing, we vacate the district court's order denying appellants' motion for a preliminary injunction and remand for further proceedings. We also temporarily enjoin appellee from implementing A.B. 5's ten percent reduction in the reimbursement rate for prescription drugs, until August 11, 2008. If the district court has not ruled by then on appellants' motion for preliminary injunction, appellants may seek further temporary relief from this court.

An Opinion will follow.

**IT IS SO ORDERED.**

---

**2.** At this juncture, the record does not provide such support with regard to the provision of other medical services, as the appellants have provided only speculative evidence that the ten percent cut will cause the State's Medicaid program to conflict with the requirements for such other medical services set by § 1396a(a)(30)(A).