**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

INDRA WINATA,

               Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 09-73563

Agency No. A099-462-820

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    Indra Winata, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Winata established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's determination that Winata's experiences, including the burning down of his business in the 1998 riots, his wife's arrest, and the past harassment and trouble experienced by his family, do not rise to the level of persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1100-01 (9th Cir. 2000) (harassment, questioning by police, and forced closing of Palestinian Israeli's restaurant, when he continued to operate other businesses, did not constitute persecution); *see also Wakkary*, 559 F.3d at 1059-60. Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Winata failed to demonstrate a clear probability of future persecution because he did not establish sufficient individualized risk and his wife remains in Indonesia unharmed. *See id*. at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail . . . ."); *see also Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010)

(analyzing withholding of removal claim and concluding that petitioner's fear of future persecution, which was based on threats received by his family, was not objectively reasonable where his family voluntarily returned to Nepal and continued to live there unharmed). Accordingly, Winata's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Winata failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

09-73563